```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
PATRICK OBAH,                                                        :
                                                                     :
                              Plaintiff,                             :    24-CV-5014 (JMF)
                                                                     :
                -v-                                                  :    MEMORANDUM OPINION
                                                                     :         AND ORDER
ADAPT,                                                               :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. For the reasons set forth below, the Court concludes that Plaintiff fails to state a plausible claim under Title VII and thus dismisses the complaint, albeit with thirty days' leave to replead.

## BACKGROUND

The following summary is from the complaint and attachments. Plaintiff Patrick Obah applied to work as a case manager for ADAPT Community Network. According to an email attached to the complaint, on January 18, 2024, ADAPT extended an offer to him for a full-time job at the Forsyth IRA residential program. ECF No. 1 ("Compl."), at 22-23. Plaintiff began the employment onboarding process but had a family emergency during this period. On February 26, 2024, Plaintiff received an email rescinding the offer of employment. Plaintiff sent an email response saying that he had repeatedly attempted to contact Defendant but that his communications had been ignored. In his administrative charge, Plaintiff asserted that Defendant was "pretending" that he had been unavailable and that this was a pretext for rescinding the employment offer based

on his Black race and Nigerian national origin. *Id.* at 9. Plaintiff alleges that the human resources managers were "born here." *Id.* at 3, 5. Plaintiff attaches a Notice of Right to Sue dated June 21, 2024. *Id.* at 11-12.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits. To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal

conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A. Title VII Claim**

Title VII of the Civil Rights Act provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for reasons other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's allegations that ADAPT offered him employment but then rescinded the offer because of his Nigerian national origin and Black race are wholly conclusory. Plaintiff does not

3

plead any facts linking the adverse employment action to his national origin or race. The allegation that ADAPT's human resources staff was born in the United States, while Plaintiff was not, without more, is insufficient to suggest that his national origin was a motivating factor in the employment decision. The Court therefore dismisses Plaintiff's Title VII claim for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."). Having dismissed Plaintiff's only federal claim, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav.*

*Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid employment discrimination claim, the Court grants Plaintiff thirty days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's Title VII claim for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declines supplement jurisdiction of his state law claims.

The Court grants Plaintiff leave to submit an amended complaint within thirty days of the date of this Memorandum Opinion and Order. An Amended Complaint for Employment Discrimination form is attached to this order. If Plaintiff files an amended complaint, he must label it with docket number 24-CV-5014 (JMF). No summons will issue at this time. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this Memorandum Opinion and Order to Plaintiff. The case should remain open pending the deadline to submit an amended complaint.

SO ORDERED.

Dated:   July 15, 2024
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

5