UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                :

PATRICK C. OBAH,                             :
                                                :

                         Plaintiff,         :            24-CV-5014 (JMF)
                                                  :

             -v-                             :      MEMORANDUM OPINION
                                                  :           AND ORDER

ADAPT,                                   :
                                                  :

                         Defendant.     :
                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Patrick Obah, who is proceeding *pro se* and *in forma pauperis*, brings this action

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State

Human Rights Law, N.Y. Exec. Law § 290 *et seq*.  In his initial complaint, Obah alleged that

Defendant ADAPT rescinded his employment offer due to his race and national origin.  ECF No. 1.

By Memorandum Opinion and Order dated July 15, 2024, the Court dismissed the complaint for

failure to state a plausible claim under Title VII, without prejudice to Obah's filing an amended

complaint that cured the deficiencies identified by the Court.  *See Obah v. ADAPT*, No. 24-CV-

5014 (JMF), 2024 WL 3413712 (S.D.N.Y. July 15, 2024) (ECF No. 6).  On August 15, 2024, Obah

filed an amended complaint, adding factual allegations about the circumstances surrounding the

rescission of his employment offer.  ECF No. 7 ("Am. Compl.").

        Obah's amended complaint falls short for substantially the same reasons stated in the

Court's Memorandum Opinion dismissing the initial complaint.  There, the Court explained that

"Plaintiff does not plead any facts linking the adverse employment action to his national origin or

race."  *Obah*, 2024 WL 3413712, at *2.  For example, the Court observed that Obah's allegation

that "ADAPT's human resources staff was born in the United States, while Plaintiff was not,

without more, is insufficient to suggest that his national origin was a motivating factor in the employment decision." *Id.* Because Obah's allegations of employment discrimination were "wholly conclusory," the Court dismissed Obah's Title VII claim for failure to state a claim and, in the absence of any remaining federal-law claim, declined to exercise supplemental jurisdiction over Obah's state-law claims. *Id.* (citing 28 U.S.C. § 1367(c)(3)).

Obah's amended complaint fares no better. To the wholly conclusory allegations contained in Obah's initial complaint, it adds two more. First, Obah alleges that ADAPT's human resources staff asked him about his national origin at his job interview, which made him "uncomfortable and nervous and anxious." Am. Compl. ¶ 1. But any suggestion that these questions support a discrimination claim is belied by the fact that ADAPT extended Obah an employment offer three weeks later. *Id.* ¶ 22. Indeed, Obah even admits his "feel[ing] that the Director/Hiring Manager of ADAPT who interviewed and gave [Obah] the offer didn't have a problem with [Obah] during the interview, even if he asked . . . where [Obah] was born and when [he] came to the USA." *Id.* ¶ 13. In any event, "[i]t is well established . . . that a plaintiff's subjective belief that []he was the victim of discrimination, no matter how strongly felt, is insufficient to satisfy the burden to plead facts that could plausibly support an inference of discrimination." *Smith v. Bronx Cmty. Coll. Ass'n*, No. 16-CV-3779 (JMF), 2017 WL 727546, at *2 (S.D.N.Y. Feb. 23, 2017) (citing *Jones v. City of N.Y.*, No. 14-CV-826 (CBA), 2015 WL 502227, at *5 (E.D.N.Y. Feb. 5, 2015)); *see also Brodt v. City of N.Y.*, 4 F. Supp. 3d 562, 568 (S.D.N.Y. 2014) ("[A] plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination." (internal quotation marks omitted)).

The second new allegation is even weaker. Obah alleges that a career advisor in the "NYC library" told him that ADAPT's actions constituted discrimination. Am. Compl. ¶ 10. But the career advisor's wholly conclusory — not to mention subjective and speculative — hearsay opinion is plainly not enough to support a plausible claim of discrimination.

For these reasons, the Court once again dismisses Obah's Title VII claim for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  And having dismissed Obah's only federal claim, the Court again declines to exercise supplemental jurisdiction over any state-law claims that Obah's amended complaint could be construed to assert. *See, e.g.*, *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." (internal quotation marks omitted)); *Obah*, 2024 WL 3413712, at *2.

The Court further declines to *sua sponte* grant Obah leave to amend.  To be sure, leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  And the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But it is also "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  And here, the Court already granted Obah leave to amend his original complaint in response to its first Memorandum Opinion, which identified the defects in the dismissed claims discussed above. *See Obah*, 2024 WL 3413712, at *2.  Obah's "failure to fix deficiencies in [his] previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (citing cases).

Lastly, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Obah, enter judgment in Defendant's favor consistent with this Memorandum Opinion and Order, and close the case.

SO ORDERED.

Dated: August 30, 2024
       New York, New York

JESSE M. FURMAN
United States District Judge